I respectfully dissent from the disposition of the first, fifth and tenth assignments of error.
I dissent from the first assignment of error because I believe husband fully traced his inheritance money to the house remodeling. As the majority points out, and I agree, there is no dispute that husband inherited the money and that the parties used the money for home remodeling. The evidence showed the parties were just able to make ends meet and, prior to receiving husband's inheritance, they had no funds with which they could undertake an extensive home remodeling project that cost just over $30,000 and pay cash for the project. There can be no question that the $27,000 inheritance was used for this project for, as the magistrate noted, husband documented virtually every receipt and invoice and showed that the parties did not take on any additional debt in completing the project. All of these receipts were from a six month period when the parties commenced remodeling. As if to punctuate this fact, husband testified without contradiction that he kept the receipts in his father's "inheritance file."
I respectively disagree with the majority's claim that "there is no evidence in the record establishing a definable and separate trail for the funds once they were deposited in the parties joint checking account and then used on home improvements." The majority adopts the reasoning of a lower court decision that was subsequently reversed in Okos v. Okos
(Apr. 7, 2000), Lucas App. No. L-98-1382, unreported, for the proposition that separate assets invested into home improvements is rarely capable of being traced because of intrinsic factors like depreciation, interest rates and the esthetic value of improvement.
While I would agree in the abstract that issues of depreciation and esthetic value might affect the end-value of separate assets used in the course of a home remodeling project, I respectfully submit that husband's separate property used in the house remodeling can be traced with certainty. The parties eliminated a first floor bedroom and expanded the kitchen. They also moved a bathroom, built a new shower and installed flooring, fixtures and a shower stall. The parties repainted the interior of the house, installed new carpeting, new windows and central air conditioning. It may be that the house did not appreciate $30,000 as a result of the remodeling, but certainly there was something added to the value of the house. And that added value came directly from the parties' use of husband's inheritance. I believe the court abused its discretion by failing to make this determination.
I also dissent from the majority's reluctance to address the substance of the fifth assignment of error relating to the division of marital assets. Husband claimed that wife took $15,000 worth of furniture from the house when she moved out, and the court failed to credit this amount against wife's share of the marital assets. While the $15,000 figure asserted by husband seems high given the state of the parties' finances, wife nonetheless admitted on the witness stand that she took all the furniture, even going so far as to say that the only reason she did not take the stove was because it was bolted down. I would sustain this assignment of error and remand back to the court for the purpose of determining the value of the furniture wife took and whether that amount should be charged against marital assets.
Finally, I would reverse the court's finding as to husband's gross income for purposes of spousal and child support. In 1996, husband earned $69,159. He also received an IRA distribution of $3,079. The magistrate added these two figures to arrive at a net income of $72,255, which was used to calculate husband's support obligations. The court erred by adopting this figure for two reasons.
First, the IRA distribution was a one-time event and in no way should be made a part of a calculation of husband's net income for purposes of determining future support obligations. This amounted to a four percent error in husband's income.
Second, and more important, the magistrate erred in using 1996 income figures since husband testified that he lost his job for a short period of time before taking another job in the same field. The magistrate found that the evidence at trial showed that husband had earned $25,000 for the first five months he had worked at his new job. That pay included a base salary of $3,500 per month with bonuses based on the number of loans he funded. Assuming pay at husband's current rate, it would amount to $5,000 a month, or $60,000 per year. This is a significant deviation from the income the magistrate imputed to him and would affect husband's ability to pay both child and spousal support. I would find the court abused its discretion by approving the magistrate's decision on the husband's salary.